### JOSEPH A. GALLUP v. LEONARD B. SPENCER.

If a deponent have come to reside within thirty miles of the place of trial, subsequent to the giving of his deposition, and this is known to the party who took it, the deposition will not be allowed as evidence on the trial.

Where it was stated in the caption of a deposition, taken on the first day of May, 1844, that it was taken to be used at the term "*next to be holden on the first Tuesday of May next,*" it was held, that one of the words "next" might be rejected as surplusage, and the deposition admitted as evidence. It is no objection to a deposition, that a term of the court intervenes between the time of taking and the term of court at which it is stated in the caption it is taken to be used.

Gallup v. Spencer.

Covenant broken. Trial by jury, March T., 1845,—Hebard, J., presiding. On trial the plaintiff offered the deposition of Norman W. Wallace, which had been taken with notice to the defendant, the deponent living, at the time of caption, more than thirty miles from the place of trial. The defendant objected to the deposition; and the court found the fact to be, that Wallace had come to reside and then resided within thirty miles of the place of trial, and that since giving the deposition he had testified in court on a trial of the case. The deposition was excluded. The plaintiff also offered the deposition of Lewis F. Gallup, to which the defendant objected, for the reason that it appeared, that the deposition was taken May 1, 1844, and it was stated in the caption that it was taken "to be used in a cause to be tried and heard before the county court, next to be holden at Woodstock, within and for the county of Windsor in the State of Vermont, on the first Tuesday of May next,"—the defendant claiming, that a term of the court intervened between the time of taking the deposition and the term at which it was taken to be used. This deposition, also, was excluded. Other questions, relating to the merits of the case, were reserved on the trial; but as no decision was given upon them by the supreme court, they need not be detailed here.

Verdict for plaintiff. Exceptions by defendant.

*Washburn & Marsh* for plaintiff.

*Tracy & Converse* for defendant.

The opinion of the court was delivered by

Redfield, J. In this case we think the deposition of Norman W. Wallace was correctly rejected. The cause of taking had ceased to exist, and this was known to the party taking the deposition, if we correctly understand the case. In such case we think the deposition cannot be used as evidence; *Patapsco Ins. Co.* v. *Southgate et al.*, 5 Pet. 615. If the deponent had not *come to reside* within the thirty miles, so as to remove the cause of taking the deposition, but was only temporarily within that distance, the deposition would still continue to be testimony, and might be used, unless the opposite party will be at the trouble to procure the *attendance* of the witness *in court;*—such, at least, has been the practice.

In regard to the deposition of Lewis F. Gallup, we do not see how it can be treated as defectively taken. It is true, there is a repugnance in the caption, in stating the term of court at which it was taken to be used. Being taken upon the first day of May, it is said that it is taken to be used at the term "*next* to be holden, &c., on the first Tuesday. of May *next.*" One of these words "next" must be rejected; and rejecting either the deposition is well taken, as it seems to us. We know of no law requiring a deposition to be taken to be used at the *very next* term of the court. We think, however, the more correct construction of this caption is, to treat it as we do writs so expressed,—that is, reject the latter word "next" and let it stand as of the May Term next after the taking, which was no doubt the intention.

Judgment reversed and cause remanded.